UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES W LAWRENCE, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>ANTHONY ALAIMO,<br>　　　　Defendant. | Case No.  5:21-cv-01160-EJD<br><br>**ORDER OF REMAND** |

On February 17, 2021, pro se Defendant "Anthony-Marcus of the Alaimo-family" (being sued as Anthony Alaimo)" filed an unsigned Notice of Removal purporting to remove a Santa Clara County Superior Court unlawful detainer action, *Lawrence v. Alaimo*, Case No. 20cv363925.  Dkt. Nos. 1 and  1-1 at 2.  Defendant asserted jurisdiction based on several federal statutes.  Dkt. No. 1 at 2.  Defendant also filed the following documents with the Notice of Removal:  a Trustee's Deed indicating that Defendant's property was sold (Dkt. No. 1-2); a Notice to Quit dated February 10, 2020 (Dkt. No. 1-3 at 2); a complaint for unlawful detainer filed February 25, 2020 (*id.* at 28); Defendant's answer in the underlying detainer action filed on March 3, 2020, in which Defendant asserted that the sale of his property is void and without effect (*id.* at 7-11); a judgment in favor of Plaintiff James Lawrence and against Defendant dated August 12, 2020 (*id.* at 18); a Writ of Possession dated August 12, 2020 (*id.* at 32); Defendant's ex parte application for an order vacating the judgment and request for stay of execution filed on September 21, 2020 (*id.* at 19-25); a Notice to Vacate the subject property by September 24, 2020 (*id.* at 30); an order denying a stay of execution dated September 23, 2020 (*id*. at 37); another ex parte application for a stay of execution (*id*. at 38-49); a motion to vacate the judgment dated

Case No.:  5:21-cv-01160-EJD
ORDER OF REMAND

1

1  October 2, 2020 (*id*. at 49); and "Evidence 1 and 2" (Dkt. No. 1-4).

2  On February 24, 2021, the Court issued an Order to Show Cause directing Defendant to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 7. The Court has received Defendant's response. Dkt. No. 8. Defendant's response indicates that the underlying unlawful detainer action was scheduled for a hearing on February 17, 2021 before Commissioner Eric Johnson, and that Defendant filed the notice of removal the day before the scheduled hearing.

Based on all pleadings filed to date, the Court concludes that this Court lacks subject matter jurisdiction over the case.

Removal jurisdiction is a creation of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

Here, the Court lacks federal question jurisdiction. The unlawful detainer complaint raises state law claims; no federal question is presented. To the extent Defendant believe he has defenses based on federal statute, those potential defenses do not establish federal jurisdiction. *See e.g.*, *Wells Fargo Bank, NA v. Salazar*, 2012 WL 762028, at *1 (N.D. Cal. March 7, 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987).

Case No.: 5:21-cv-01160-EJD
ORDER OF REMAND

2

The Court also lacks diversity jurisdiction. The unlawful detainer complaint alleges that the amount in controversy is "under $10,000" (Dkt. No. 1-1), which is well below the federal court jurisdictional requirement. *See PNC Bank, Nat'l Assoc. v. Ahluwalia*, 2015 U.S. Dist. LEXIS 9910, at *3 (N.D. Cal. Jan. 9, 2015) ("In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."). Further, the unlawful detainer complaint indicates that Defendant is a local defendant, which also precludes removal on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

This case is hereby REMANDED to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: March 26, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01160-EJD
ORDER OF REMAND

3